1
2
3
4
5
6
7
8
           **UNITED STATES DISTRICT COURT**
9
           **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ESTATE DESIGN AND CONSTRUCTION, INC., | No. 2:25-cv-10399-JAK (BFMx) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION** |
| REVAMP PANELS, LLC, et al., | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## I.    INTRODUCTION

On September 22, 2025, Estate Design and Construction, Inc. ("Plaintiff") brought this action in the Los Angeles Superior Court against Revamp Panels, LLC ("Defendant") and Does 1 through 20. Dkt. 1 at 7–18 ("Complaint"). The Complaint advances five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory fraud; (3) negligent misrepresentation; and (4) unfair business practices in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq*. *See id.* at 11–17. On October 29, 2025, Defendant filed a notice of removal based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1 ("Notice of Removal"). On November 6, 2025, Defendant filed a Motion to Dismiss Complaint or to Transfer Venue, which is set for hearing on December 15, 2025. Dkt. 9 ("Motion to Dismiss").

The Notice of Removal states that diversity of citizenship is satisfied because Plaintiff is a California corporation and Defendant is a Washington limited liability company ("LLC"). Dkt. 1 at 2 ¶¶ 4–6. No information is provided as to the citizenship of Defendant's members, which is an element of determining whether there is complete diversity between the parties. *Id.* Further, the Notice of Removal states that the amount-in-controversy is satisfied because the Complaint alleges damages exceeding $35,000 and the alleged "total contract value" is $90,631.99. *Id.* at 2–3 ¶¶ 7. Accordingly, the Notice of Removal states that the value of the remedies sought by Plaintiff, including actual damages, punitive damages, injunctive relief, and other remedies, exceeds $75,000, which is the minimum requirement to establish diversity jurisdiction. *Id.*

## II.    LEGAL STANDARDS

"A federal court has a duty to consider jurisdiction sua sponte." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). In a case that has been removed based on a claim of diversity jurisdiction, the removal statute is "construe[d]" such that

2

jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" by a preponderance of the evidence. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). The citizenship of an LLC includes the citizenship of each of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[T]he place of organization of an L.L.C. is not relevant to its citizenship for diversity purposes." *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).

When an action is removed based on diversity jurisdiction, the removing party also bears the burden of showing by a preponderance of the evidence that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' " *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in

controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

## III. ANALYSIS

Through the Notice of Removal, Defendant asserts that diversity of citizenship is satisfied because Defendant is a Washington limited liability company, and Plaintiff is a California corporation. Dkt. 1 at 2 ¶¶ 4–6. However, that is not sufficient to show that there is complete diversity of citizenship. As noted, a limited liability company's citizenship includes the citizenship of each of its members, not the State in which the company is organized. Therefore, Defendant has not yet established that diversity of citizenship is satisfied here because the state in which each member of Defendant is a citizen has not been identified or shown through any proffered evidence.

Similarly, the Notice of Removal asserts that the amount-in-controversy is at least $90,631.99 because that sum is alleged in the Complaint to be the "total contract value," *i.e.*, the sum that Plaintiff was obligated to pay Defendant under the contract. Dkt. 1 at 2–3 ¶ 7 (citing Dkt. 1 at 9 ¶ 9). However, it is unclear whether Plaintiff seeks to recover the entire value of the contract between the parties. The Complaint seeks actual damages of "$27,000, or in a greater amount to be proven at trial," Dkt. 1 at 18, with the $27,000 identified as the amount of the deposit that Plaintiff paid to Defendant when the contract was entered. *Id.* at 9 ¶ 11; *id.* at 11 ¶ 20. The deposit was allegedly paid prior to any claimed breach of the contract by Defendant. Dkt. 1 at 9–10 ¶¶ 11–16. In the Complaint's Prayer for Relief, Plaintiff does not seek to rescind or void the contract. *Id.* at 12.

Under these circumstances, there could be substantial "doubt" as to whether the $75,000 amount-in-controversy is satisfied. *See Gaus*, 980 F.2d at 566. Plaintiff appears to be seeking a recovery of the alleged $27,000 deposit paid to Defendant, which based on a review of the Complaint, is the amount of actual damages that are sought. *See Acosta v. Brave Quest Corp.*, 733 F. Supp. 3d 920, 925 (C.D. Cal. 2024) ("Acosta paid a

4

$42,372.32 deposit. He alleges the contract is void and requests a full refund. Were he to prevail on this theory at trial, he would recover the full amount for this item of damages—i.e., $42,372.32." (citations omitted)). Accordingly, it is unclear whether the full value of the contract is at issue in this action. *See id.* (calculating actual damages as the value of deposit, not the value of the contract); *see also Env't Tectonics Corp. v. Summer Lake Int'l Enters. Corp.*, No. 02-cv-1715, 2002 WL 32348286, at *2 (E.D. Pa. Aug. 15, 2002) ("In this case, the object of Plaintiff's claim is not the full contract value of $400,000, but instead, only the unpaid balance."). It may be immaterial that the Complaint alleges damages of a "greater amount [than $27,000] to be proven at trial" because indeterminate damages are not always included in calculating the amount-in-controversy. *See Salazar v. Johnson & Johnson Consumer Inc.*, No. 18-cv-05884, 2018 WL 4560683, at *3 (C.D. Cal. Sept. 19, 2018).

The Notice of Removal also states that the punitive damages sought by Plaintiff lead to a total amount-in-controversy that exceeds $75,000. The Complaint does advance causes of action for which punitive damages could be recovered. However, "the mere fact that a plaintiff seeks punitive damages does not necessarily establish the requisite amount in controversy." *Guzetta v. Ford Motor Co.*, No. 21-cv-09151, 2022 WL 1044173, at *7 (C.D. Cal. Apr. 5, 2022). The Notice of Removal cites two California cases where substantial punitive damages have been awarded. Dkt. 1 at 2–3 ¶ 7 (first citing *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 65 (1974); and then citing *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 927 (1978)). One involved claims as to bad faith denial by an insurer, *Neal*, 21 Cal. 3d at 922–23, and the other a malicious prosecution claim, *Bertero,* 13 Cal. 3d at 65–66. It is not clear whether analogous issues are presented by the Complaint in this action. Accordingly, an issue is presented as to whether punitive damages are at issue for purposes of determining the amount in controversy.

Finally, the Notice of Removal states that the remaining remedies sought in the Complaint -- injunctive relief, costs, and "such other and further relief as the Court deems just and proper" -- show that the amount-in-controversy is satisfied. Dkt. 1 at 2–3 ¶ 7 (quoting Dkt. 1 at 18). The Complaint does not specify the particular injunctive relief sought, the costs allegedly incurred by Plaintiff, or the form of any other requested relief. Accordingly, an issue is presented as to the amount at issue presented by these other remedies.

In light of the foregoing, the pending motion to dismiss and the obligation of the Court to ensure that there is jurisdiction over an action, Defendant is **ORDERED TO SHOW CAUSE** why there is subject matter jurisdiction over this matter. Defendant shall file a response to this Order to Show Cause, not to exceed ten pages, on or before November 25, 2025. Plaintiff may, but is not required to file any response not to exceed ten pages, on or before December 4, 2025. Based on a review of the filing(s), the matter will be taken under submission or set for hearing at the same time as the pending Motion to Dismiss.

**IT IS SO ORDERED.**

Dated:    11/19/2025

John A. Kronstadt
United States District Judge

6